UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRYSTAL JONES, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:25-cv-44 |
| | ) |
| LAUTH INVESTIGATIONS | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
|        Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Crystal Jones ("Plaintiff" or "Jones"), by counsel, for her cause of action against

Defendant, Lauth Investigations International, Inc. ("Defendant" or the "Company"), alleges and

states as follows:

**I.  NATURE OF CASE**

1.      Plaintiff brings this action against Defendant pursuant to Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and 42 U.S.C. § 1981

("Section 1981").

**II.  PARTIES**

2.      At all times relevant to this action, Jones resided in the Southern District of

Indiana.

3.      Defendant is a private investigation firm operating in and conducting business in

the Southern District of Indiana.

4.      Jones is an "employee" as that term is defined by 42 U.S.C. § 2000e(f) and 29

U.S.C. § 630(f).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

### III.    JURISDICTION

6.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981.

7.      Jones has satisfied her obligation to exhaust her administrative remedies by timely filing Charge Number 470-2024-04565 with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race, sex, and retaliation. Plaintiff received her *Dismissal and Notice of Rights* and has timely filed her Complaint within ninety (90) days of receipt thereof.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as all events, transactions, and occurrences concerning this matter have arisen in the geographical environs of the Southern District of Indiana.

### IV.  FACTUAL AND LEGAL ALLEGATIONS

9.      Plaintiff, Crystal Jones, is an African American woman.

10.      Defendant, Lauth Investigations International, Inc., hired Plaintiff on or about 2017 as a "Field Investigator."

11.      Prior to joining the Company, Plaintiff was a police officer for the Carmel Police Department for six (6) years.

12.      Plaintiff had approximately five (5) years of investigation experience with the Company and was the only investigator specializing in missing persons.

13.      In or around January 2023, Christie Haas ("Haas"), a significantly less qualified Caucasian female was appointed to lead the Investigations Team instead of Plaintiff.

14. Although Haas informed Plaintiff that her role on the Investigations Team would expand to monitoring case-activity, supervising investigators, assigning cases, and focusing on high-profile cases, Haas excluded Plaintiff from investigations, team meetings, and decision-making processes.

15. In or around March 2023, Plaintiff engaged in protected activity by addressing the exclusion directly with Haas, and separately, with the Company's owner and CEO, Tom Lauth ("Lauth"). Despite acknowledging the exclusion and Plaintiff's critical input, Haas continued her pattern of excluding Plaintiff, and the situation did not improve.

16. Lauth admitted to Plaintiff that he was concerned about Haas and believed her conduct was motivated by racial bias against African Americans.

17. On or around April 6, 2023, Haas failed to confirm Plaintiff's multiple requests for her attendance at a preapproved training session outside of the office, which resulted in Plaintiff being unable to obtain a necessary certification. Lauth later chastised Plaintiff for her perceived failure to complete the training as previously planned.

18. In or around July and August 2023, Plaintiff learned that a newer, less-experienced, Caucasian male colleague, Kyle Robison ("Robison"), would be assuming the Deputy Director of Operations ("DDO") position within the Company.

19. Plaintiff was better qualified for the DDO position than Robison.

20. Defendant failed to provide Plaintiff the opportunity to pursue advancement to the DDO position as a result its bias towards African American women.

21. On August 12, 2023, Lauth requested that Plaintiff and a large, unfamiliar, African American male be present during the termination of another employee named Jolene Allen, a Caucasian female, for the purpose of presenting an intimidating presence.

22.     Again, Plaintiff engaged in protected activity by addressing the racial discrimination with Lauth, at which time, Lauth revealed that his wife and co-owner, Rain Lauth ("Rain") was integrating into the investigations side of the business as Director of Operations, and that Rain has a "little bias toward black people," which he attributed to her Thai culture.

23.     On August 24, 2023, Lauth informed Plaintiff that that she would be given the opportunity to interview for the position of "Integrator," which would have resulted in a promotion and salary increase.

24.     Despite Lauth's reassurance, Plaintiff was denied the opportunity to apply and interview for the position, which was given to a less qualified Caucasian male despite his lack of investigatory experience.

25.     The continued denial of Plaintiff's opportunity for advancement was a direct result of the Defendant's bias against African American women.

26.     On or around September 7, 2023, Lauth placed Plaintiff in a compromising position when he requested that she bail his brother out of jail, ask lawyers to represent his brother pro bono, and start a GoFundMe for his brother's legal fees, which Plaintiff rejected. Plaintiff was the only employee asked to carry out these tasks.

27.     On or about, September 23, 2023, the Indiana Attorney General's office investigated the Company over allegations of modifying contracts after execution without consent, and Lauth requested that Plaintiff, alone, investigate these allegations internally despite it requiring the input of the whole Investigations Team.

28.     Plaintiff engaged in a protected activity when she reported that her findings indicated that Rain, was, in fact, the person responsible for modifying the contracts for quick financial gains.

29. On October 10, 2023, Haas reprimanded Plaintiff for a licensing violation in Florida, which Plaintiff had no knowledge of, or involvement with, the noncompliance. However, Haas blamed Plaintiff for the oversight while it was later determined that Haas was the responsible party.

30. Haas's attempt to make Plaintiff the scapegoat was racially motived and retaliatory for Plaintiff's involvement in the internal investigation of Rain.

31. On October 17, 2023, in a phone conversation with Lauth, Plaintiff discussed transitioning away from the Company due to the continued racial discrimination, retaliation, and unethical practices of the company. If she agreed to stay with the Company, Lauth promised to remove Haas from the Company and Rain from Investigations and include Plaintiff in the administrative process the following week.

32. On or around October 23, 2023, Lauth advised Plaintiff that Robison would attend the administrative meetings rather than Plaintiff because it was "too risky" to remove Haas as she possesses information harmful to the Company, and it was not an appropriate time for him to integrate Plaintiff into the administrative process.

33. Defendant's repeated failure to promote Plaintiff and include her in the Company's administrative processes is due to Defendant's racial bias towards African American women.

34. The Defendant treated similarly situated non-African American women and men more favorably than Plaintiff by placing only Plaintiff in morally questionable situations, repeatedly denying her the opportunity to apply and interview for promoted positions, failing to promote her, and failing to prevent and remedy ongoing discriminatory conduct.

35. Defendant had a continuing pattern of intentionally discriminating against

Plaintiff which constitutes "aggravating factors" beyond ordinary discrimination such that any reasonable person in Plaintiff's position would have felt compelled to resign from her employment with Defendant.

36.     Plaintiff was constructively discharged due to Defendant's failure to correct the race and sex discrimination despite Defendant's knowledge of same.

37.     Defendant retaliated against Plaintiff after she investigated, reported, and opposed the unethical activities and illegal practices being committed by the Defendant, and more specifically, the illegal practices being committed by co-owner, Rain Lauth.

38.     The Defendant's actions have violated Plaintiff's rights as protected by Title VII and Section 1981.

39.     Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## V.   CAUSES OF ACTION

### COUNT I

### TITLE VII – SEX DISCRIMINATION

40.     Jones incorporates paragraphs one (1) through thirty-nine (39) of her Complaint as if it were set forth at length herein.

41.      Defendant intentionally and willfully discriminated against Jones because of her sex in violation of Title VII.

42.     Similarly situated male employees were treated more favorably than Jones in the terms, conditions, and privileges of their employment.

43.     Defendant's justifications for its failure to promote Jones are pretextual.

44.     Defendant's discriminatory practices have caused Jones to suffer damages.

## COUNT II

### TITLE VII – RACE DISCRIMINATION

45.    Jones incorporates paragraphs one (1) through forty-four (44) of her Complaint as if it were set forth at length herein.

46.    Defendant intentionally and willfully discriminated against Jones because of her race in violation of Title VII.

47.    Similarly situated non-African American employees were treated more favorably than Jones in the terms, conditions, and privileges of their employment.

48.    The reasons put forth by Defendant to justify its failure to promote Jones are pretextual.

49.    Defendant's discriminatory practices have caused Jones to suffer damages.

## COUNT III

### TITLE VII – RETALIATION

50.    Jones incorporates paragraphs one (1) through forty-nine (49) of her Complaint as if it were set forth at length herein.

51.    Jones engaged in protected activity when she complained of discrimination as protected under Title VII and when she divulged Rain's unlawful activity.

52.    Defendant retaliated against Jones due to her complaints of discrimination as protected by Title VII by denying Jones the opportunity to apply, interview, and pursue advancement at the Company, and by failing to prevent and remedy the continuous discrimination toward Jones.

53.    The reasons put forth by Defendant to justify its failure to promote Plaintiff are pretextual.

54.     Defendant's unlawful retaliation has caused Jones to suffer damages.

## COUNT IV

## SECTION 1981 – RACE DISCRIMINATION

55.     Jones incorporates paragraphs one (1) through fifty-four (54) of her Complaint as if it were set forth at length herein.

56.     Defendant failed to promote Jones based on her race.

57.     Other, similarly situated employees who were not African American were treated more favorably than Jones in the terms, conditions, and privileges of their employment.

58.     Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Jones's rights as protected by Section 1981.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Crystal Jones, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstatement of Plaintiff or payment to Plaintiff front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary relief to make her whole;

3.     Compensatory damages;

4.     Liquidated damages;

5.     Punitive damages;

6.     All costs and attorney's fees incurred as a result of bringing this action;

7.     Pre- and post-judgment interest on all sums recoverable; and

8.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully Submitted,


John H. Haskin (7576-49)
Cassidy R. Hendrickson (37712-41)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
Email:           jhaskin@jhaskinlaw.com
                     chendrickson@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Crystal Jones, by counsel, demands a trial by jury on all issues deemed so

triable.

Respectfully Submitted,


John H. Haskin (7576-49)
Cassidy R. Hendrickson (37712-41)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317) 955-9500
Facsimile:      (317) 955-2570
Email:           jhaskin@jhaskinlaw.com
                     chendrickson@jhaskinlaw.com